



STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

May 28, 2008

By Hand Delivery
Hon. William H. Pauley III
United States District Judge
500 Pearl Street, Rm. 2210
New York, New York 10007

Re: Victor Davis v. Travis, et al., 07-CV-3047 (WHP)

Dear Judge Pauley:

      I am an Assistant Attorney General in the Office of Andrew M. Cuomo, Attorney General of the State of New York, counsel for parole defendants. I apologize to the Court for failing to abide by Your Honor's individual rules and practices by serving and filing Defendants' Memorandum of Law in Support of Their Motion to Dismiss and the Notice of Motion in lieu of an answer, without first seeking a pre-motion conference in this matter.

      At this time, I write respectfully to request a pre-motion conference at the Court's earliest convenience. Defendants seek to move to dismiss this case under Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that:

(1) Plaintiff's claims are barred by the statute of limitations as his claims arise beyond the three-year limit imposed for such actions in the State of New York. Harrison v. Harlem Hospital, 2007 U.S.Dist. LEXIS 71908 at * 7 (S.D.N.Y. September 28, 2007;

(2) Plaintiff's claim for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2371-72 (1994) because "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.;

(3) Defendants Galior, Loomis, Vizzie, Marasa and Rosenblum are entitled to absolute immunity because they were acting in a judicial capacity. "Officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." Montero v. Travis, 171 F.3d 757 (2d Cir. 1999); Scotto v. Almenas, 143 F.3d 105, 111 (2d Cir. 1998); and

(4) the Court lacks jurisdiction under the Eleventh Amendment because plaintiff by the nature of his claims are suing defendants in their official capacities and such claims are essentially claims against the State which are barred by the Eleventh Amendment. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).

    I thank the Court for its consideration in this matter.

Respectfully submitted,

Julia H. Lee
Assistant Attorney General
212-416-6234 (telephone)
212-416-6075 (facsimile)

SO ORDERED: *The Court will hold a pre-motion conference and the initial pretrial conference on June 23, 2008 at 2:00 p.m.*

WILLIAM H. PAULEY III U.S.D.J.
6/4/08

cc:    Victor Davis, *pro se* plaintiff
       Linda Whitmore